IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUINCY BLAKELY,<br>      Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 3:25-cv-01676-B-BT |
| EQUIFAX INFORMATION<br>SERVICES LLC,<br>      Defendant. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Quincy Blakely, proceeding *pro se*, initiated this civil action against Defendant Equifax Information Services LLC in Texas state court on May 27, 2025. *See* Notice Removal at Ex. A (ECF No. 1-1). Equifax subsequently removed this case to federal court on June 30, 2025. *See id.* at 1 (ECF No. 1). On July 1, 2025, the District Judge referred this case to the undersigned for pretrial management. *See* Order Referring Case (ECF No. 5). Because Plaintiff has ignored this Court's orders and has failed to prosecute his lawsuit, the District Judge should **DISMISS** this case without prejudice under Federal Rule of Civil Procedure 41(b).

**Background**

On July 10, 2025, this Court entered an order requiring the parties to submit separate proposed scheduling orders by July 30, 2025. *See* Order, Jul. 10, 2025 (ECF No. 7). According to the docket, the Order was delivered to Plaintiff's address on July 14, 2025. Nevertheless, Plaintiff did not file a proposed scheduling order.

1

On August 1, 2025, this Court issued a Show Cause Order requiring Plaintiff to explain, in writing, why he should not be sanctioned for his failure submit a proposed scheduling order. *See* Order Show Cause, August 1, 2025 (ECF No. 9). The Show Cause Order required Plaintiff to respond by August 14, 2025, and warned that potential sanctions included dismissal of his case under Rule 41. *Id.* Plaintiff did not file a response to the Show Cause Order.

Additionally, although the Show Cause Order was mailed to Plaintiff's address, it was returned as undeliverable. *See* Mail Returned (ECF No. 10) (the writing on the scanned envelope attached to ECF No. 10 states that Plaintiff no longer resides at that address). Both the July 10 Order (ECF No. 7) and the Show Cause Order (ECF No. 9) were mailed to Plaintiff's address on file (on W. Round Grove Road in Dallas)—the same addressed listed in his state-court petition. The Court's Instructions to Plaintiff (ECF No. 4) warn Plaintiff that "[y]ou must notify the Court if your address changes, or your case may be dismissed." To date, Plaintiff has not updated his address on file.

**Legal Standards and Analysis**

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Fed. R. Civ. P. 41(b); *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383,

383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

In this case, dismissal without prejudice is appropriate. Plaintiff has failed to comply with two of the Court's orders—to submit a proposed scheduling order and to show cause for his failure to submit same. *See Griggs*, 905 F.3d 835 at 844 (recognizing 41(b) authorizes *sua sponte* dismissal for failure to comply with a court order). Additionally, the Court is unable to communicate with Plaintiff because of his failure to advise the Court of his current address. By failing to provide the Court with a current address, Plaintiff has failed comply with the Court's instructions and failed to prosecute his lawsuit. *See Emerson v. Lewis*, 2020 WL 6370157, at *1 (N.D. Tex. Sept. 15, 2020) (Rutherford, J.), rec. accepted, 2020 WL 6363874 (N.D. Tex. Oct. 29, 2020) (Lindsay J.) (dismissing for failure to prosecute under Rule 41(b) where Plaintiff failed to keep address current and mail was returned as undeliverable).

## Recommendation

The District Judge should **DISMISS** this case without prejudice under Rule 41(b).

**SO RECOMMENDED.**

October 8, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).